**In re Anne DEMP, Debtor.**

**Bankruptcy No. 82–01411K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Sept. 27, 1982.

Henry J. Sommer, Philadelphia, Pa., for debtor.

Milton Becket, Philadelphia, Pa., for Philadelphia Nat. Bank.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on an application by the debtor to hold a creditor and his counsel in contempt of Court for violations of the automatic stay imposed by § 362 of the Bankruptcy Code. The Court finds that the stay has been violated and will direct

counsel for the creditor to pay a fine and counsel fees.[1]

The facts of this case are not complicated, nor, for the large part, disputed. The case seemed to grow like a blister as the friction between the opposing parties increased.

The creditor, Philadelphia National Bank, was awarded a judgment in state court against Mrs. Demp.

Henry Sommer, Esquire, of Community Legal Services, subsequently filed a Chapter 7 bankruptcy petition on behalf of Mrs. Demp. On or about the day he filed the petition, Mr. Sommer mailed to Milton Becket, Esquire. Counsel for Philadelphia National Bank, a letter informing him of the bankruptcy. Mr. Sommer also advised Mr. Becket that further action to collect the judgment would cause him to seek contempt of court sanctions. Mr. Becket took offense at this statement and pointed out his unhappiness to Mr. Sommer by a return letter a few days thereafter. If nothing further untoward had occurred, the controversy might have died a natural death. Unfortunately, the embers of enmity were still glowing.

New fuel was heaped on the controversy a few weeks later when Mr. Becket caused Mrs. Demps' property to be posted for Sheriff's sale. Mr. Becket claimed that the direction to post the property for Sheriff's sale was inadvertently dispatched from his office.

The shock of seeing her property posted for Sheriff's sale allegedly caused Mrs. Demp severe distress, so severe that it was necessary to visit her physician. No evidence of this visit was produced at the hearing held before the Court held on the contempt motion, and no other credible evidence of damages submitted at this hearing. The Court, therefore, does not find itself in a position to award damages to the debtor.

The Court, however, does find that Mr. Becket's conduct constitutes contempt of court. The automatic stay imposed by the filing of a bankruptcy petition acts as a specific and definite order of court so as to restrain creditors from the continuance of judicial process or collection efforts against the debtor. *Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47 (2d Cir. 1976). *In re Mealey,* 16 B.R. 800 (Bkrtcy.E.D.Pa.1982). In order for a party to be held in contempt, the Court must find: that there was a specific and definite order of the Court which the party violated, and that the party had knowledge of the order. *Camelia Builders, supra; Mealey, supra.* There is no authority for Mr. Becket's assertion that one must be guilty of willful and malicious conduct to be found in contempt.

In this case, Mr. Becket's own correspondence and records [2] show that he was aware of the filing of the bankruptcy petition. The filing of a petition for relief under the Bankruptcy Code acts as an automatic stay of judicial process and collection efforts. 11 U.S.C. § 362(a)(1). By having the property posted for Sheriff's sale, Mr. Becket was in violation of the stay and in contempt of court.

In situations where parties are in contempt of court by violating the stay, the Court may assess fines and award counsel fees as compensation for the cost of bringing the action. *Camelia Builders,* 550 F.2d at p. 50. In this case, the Court will enter an Order directing Mr. Becket to pay over the sum of $250.00 to the Clerk of the United States Bankruptcy Court for the Eastern District of Pennsylvania within ten (10) days. Of this sum, the Clerk shall retain $50.00, representing the fine imposed upon Mr. Becket, and the remainder shall be awarded as a counsel fee to Mr. Sommer.

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. See Exhibits D–1 and B–2.