**In re Penny H. FLYNN, Debtor.**

**UNITED STATES of America, Appellant,**

v.

**Penny H. FLYNN, Appellee.**

**Bankruptcy No. 92–40789–LWD.
Adv. No. 93–04013A–LWD.
No. CV 494–152.**

United States District Court,
S.D. Georgia,
Savannah Division.

March 31, 1995.

Sean O'Connor, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for U.S. and I.R.S.

R. Wade Gastin, Savannah, GA, for Penny H. Flynn.

## ORDER AND MEMORANDUM

NANGLE, District Judge.

Appellant United States of America appeals the May 13, 1994, order of the Bankruptcy Court[1] awarding appellee out-of-

---

1. The Honorable Lamar W. Davis, Jr., Chief Judge, United States Bankruptcy Court for the Southern District of Georgia.

pocket expenses, emotional distress damages, punitive damages and attorney's fees for violation of an automatic stay. The Court has considered the parties' pleadings and the record on appeal. For the reasons set out below, the order of the Bankruptcy Court is affirmed in part, reversed in part and remanded with instructions.

### BACKGROUND

Appellee Penny Flynn filed a Chapter 13 petition for relief with the Bankruptcy Court on April 17, 1992. At that time, appellee was divorced from her husband and providing support to their two minor sons. During the marriage, appellee and her husband were filing joint tax returns. According to appellee, her husband was under-reporting his income which led to the assessment of additional taxes and to a significant portion of the debt owed to the Internal Revenue Service ("IRS") set out in her bankruptcy petition. The IRS received timely notice of plaintiff's bankruptcy case and filed two proof of claims on August 26, 1992. These claims were provided for in the Debtor's Plan confirmed on November 19, 1992.

On January 14, 1993, appellee received a letter from NationsBank of Georgia, N.A., dated January 12, 1994, informing her that the IRS had served the bank with a levy on her checking account. NationsBank advised appellee that, unless a release was received within twenty-one days, the sums in the account up to the amount of the levy would be turned over to the IRS. In the meantime, appellee's checking account was frozen. On January 15, 1993, appellee called the Jacksonville office of the IRS and spoke with one or more persons in the collection department. One of these persons admitted that the levy should not have been filed and stated that a release of the levy would be filed by the end of the day.

The release was prepared that day and the original was mailed to NationsBank but a copy was not actually faxed until the next week. The mailed original was received by NationsBank on January 19, 1993. The appellee called the IRS office about the situation again on January 19, 1993. By January 21, 1993, NationsBank had been advised by fax and mail that the levy was released. The adversary proceeding that is the subject of this appeal was instituted by appellee on January 26, 1993.

Appellee experienced several adverse consequences due to the notice of levy and the subsequent freeze on her account. According to the appellee, she suffered extreme emotional distress after receiving the letter from NationsBank. She was forced to cancel her eleven year old son's birthday party. She suffered embarrassment and humiliation when she was stopped in a check-out line at Kroger because a previous check had bounced. She incurred a total of $120.00 of charges for checks returned for nonsufficient funds. In addition, she lost three days of wages and incurred travel expenses in order to attend the hearing in Bankruptcy Court.

The Bankruptcy Court held a hearing in this adversary proceeding on February 2, 1994, and issued its written order on May 13, 1994. *Flynn v. Internal Revenue Service and United States,* 169 B.R. 1007 (Bankr. S.D.Ga.1994). In its order, the Bankruptcy Court held that the IRS willfully violated the automatic stay provision of 11 U.S.C. § 362(h) and waived sovereign immunity under 11 U.S.C. § 106(a). The Court awarded appellee $588.55 in out-of-pocket expenses, consisting of $120.00 in returned check charges, $360.00 in lost wage charges and $108.55 in travel expenses. The Court awarded appellee $5,000.00 in damages for emotional distress, due to the embarrassment, humiliation and shame she suffered as a result of the levy. Attorney's fees of $2,709.00 were awarded based on appellee's counsel's expenditure of 27.09 hours at the rate of $100.00 per hour. Punitive damages of $10,000.00 were awarded based on "[t]he IRS's recalcitrance and indifference to the fact that its current system guarantees that it will repeatedly violate the automatic stay". *Id.* at 1024. The damages were to be offset against any remaining claims that the IRS had against appellee in the Chapter 13 proceeding.

On May 20, 1994, the United States filed a Notice of Appeal challenging the Bankruptcy Court's order. After briefing was completed, the Bankruptcy Reform Act of 1994 ("Act")

was passed on October 22, 1994. Appellant submitted a supplemental brief on December 1, 1994, addressing the effect of the Act on the present case. The matter is now before the Court.

## DISCUSSION

After passage of the Act, the issues raised in appellant's opening brief have been amended. Accordingly, the Court will address the amended issues.

1. **Whether the IRS willfully violated the automatic stay thereby entitling appellee to compensatory damages, costs and attorney's fees under 11 U.S.C. § 362(h).**

■ In its supplemental brief, appellant argues that the debtor was not entitled to compensatory damages, costs and attorney's fees under 11 U.S.C. § 362(h) because the IRS did not willfully violate the automatic stay. Appellant asserts that this argument was raised in its opening brief as Argument III–A. Argument III in the appellant's opening brief concerned whether punitive damages were justified given that the IRS had inadvertently violated the automatic stay. It did not concern whether the violation was willful for purposes of compensatory damages, costs and attorney's fees. In fact, appellant does not address the willfulness of the violation in relation to these damages anywhere in the opening brief. "Arguments raised for the first time in a reply brief are not properly before a reviewing court". *United States v. Oakley,* 744 F.2d 1553, 1556 (11th Cir.1984). The Court notes that this is a supplemental brief, rather than a reply brief, filed due to the passage of the Act after the parties had submitted their briefs. There is no reason, however, that appellant could not have raised the issue of a willful violation in its opening brief since the Bankruptcy Court addressed the issue in its order. *Flynn,* 169 B.R. at 1013–1014. Accordingly, that issue is not properly before this Court.

■ Even if the issue of whether a willful violation occurred under § 362(h) were properly before this Court, the Court would find that such a willful violation occurred in this case. A violation of an automatic stay

under § 362(h) is willful if the defendant knew of the automatic stay and the defendant's actions violating the stay were intentional. Specific intent to violate the automatic stay is not required. *In re Clarkson,* 168 B.R. 93, 94 (Bankr.D.S.C.1994). In this case, the IRS received notice of plaintiff's bankruptcy case and filed two proof of claims in the case. Its action in sending the notice of levy to appellee's bank was certainly intentional. Therefore, the violation was willful.

■ Appellant asserted below that the violation was not willful because the IRS's Jacksonville office, the office that issued the levy, did not have actual notice of the bankruptcy. The office did not have actual notice because the IRS collection service is not notified by computer when a "secondary taxpayer" on a joint return files for bankruptcy because the information is only put into the system as it relates to the "primary taxpayer" on the return. In its order, the Bankruptcy Court not only found that the IRS internal computer system's shortcomings did not justify a finding that the violation was not willful but that it constituted conduct that justified a significant award of punitive damages due to the IRS's cavalier attitude. *Flynn,* 169 B.R. at 1024. Other courts have recognized that the IRS must establish appropriate internal procedures to avoid violations of automatic stays. *See, e.g., In re Santa Rosa Truck Stop, Inc.,* 74 B.R. 641, 643 (Bankr.N.D.Fla. 1987) ("The burden has to be on the I.R.S. to develop sufficient procedures to avoid continuation of its collection efforts once a petition has been filed."); *In re Price,* 103 B.R. 989, 993 (Bankr.N.D.Ill.1989) ("The size and complexity of the IRS does not excuse its disregard for the automatic stay."), *aff'd,* 130 B.R. 259 (N.D.Ill.1991). Therefore, the Court holds that the violation in this case was willful despite the IRS's internal procedure problems.

2. **Whether damages for emotional distress were justified given that appellee presented no medical evidence.**

Appellant argues that appellee is not entitled to damages for emotional distress because she presented no medical testimony

justifying such an award. Appellant further urges that the Bankruptcy Court's finding that appellee suffered distress over the freezing of her account overlooks the fact that the account would not have been debited for over twenty-one days after the notice of levy was sent out, the fact that appellee suffered anxiety over her husband's failure to pay child support and her filing for bankruptcy, and the IRS's prompt remedial actions.

■ Medical testimony was not necessary in this case to show that appellee was entitled to an award of damages for emotional distress. The Bankruptcy Court recognized that some courts have denied such damages due to lack of medical evidence. *Flynn*, 169 B.R. at 1021–1022 and n. 20. The court also recognized that other courts have used a less stringent standard in cases where it was clear that emotional harm had been suffered due to a violation of the stay. *Id.* at 1022 and n. 21. In this case, it is clear that appellee suffered emotional harm as a direct result of the violation of the automatic stay and the resulting freeze on her checking account. She was forced to cancel her son's birthday party, embarrassed in a check-out line at the supermarket and justifiably worried that her checks would bounce due to the freeze on her account. All of these events justify an award of damages for emotional distress regardless of whether medical testimony is provided.

■ Appellant argues that the Bankruptcy Court overlooked other factors when making its award of damages for emotional distress. None of these factors negate the court's award of damages. The Bankruptcy Court awarded damages for events that occurred as a direct consequence of the IRS violation. The fact that the account would not be debited for twenty-one days after the notice of levy was issued did not prevent appellee's account from being frozen. The fact that appellee may have been suffering anxiety from other sources does not diminish the anxiety she suffered because of the violation. Furthermore, even if the IRS' remedial actions were prompt, the damage was done despite any such action. Accordingly, the Court finds that the award of emotional dam-

ages was justified given the circumstances of this case.

### 3. Whether appellee is entitled to punitive damages after the passage of the Bankruptcy Reform Act of 1994.

■ In its supplemental brief, appellant argues that the Act passed on October 22, 1994, bars the recovery of punitive damages against the United States for the willful violation of an automatic stay. The relevant portions of Section 113 of the Act provide that:

(a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:

(1) Sections ... 362 ...

(3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, **but not including an award of punitive damages.** Such order or judgment for costs or fees under this title or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28.

Pub.L. 103–394, 108 Stat. 4117–18, § 113 (codified as amended at 11 U.S.C. § 106) (emphasis added). This section clearly provides that punitive damages are not available against the United States for violations of § 362(h). The Act also makes this provision retroactive. 108 Stat. at 4150, § 702(a)(2)(B) ("The amendments made by sections 113 and 117 shall apply with respect to cases commenced under Title 11 of the United States Code before, on, and after the date of the enactment of this Act."). Accordingly, the Bankruptcy Court's award of punitive damages must be reversed.

### 4. Whether remand of the attorney's fees award is required after the passage of the Act.

■ Section 113 of the Act, made retroactive by Section 702, provides that awards for attorney's fees against a governmental

unit be consistent with 28 U.S.C. § 2412(d)(2)(A). The relevant portion of that section provides that "attorney's fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee". The Bankruptcy Court awarded attorney's fees at the rate of $100 per hour. Accordingly, these fees should be reconsidered in light of the passage of the Act. The Court finds that it would be more appropriate for the Bankruptcy Court to determine if attorney's fees in excess of $75 an hour should be awarded in this case. Accordingly, the attorney's fee award of $2,709.00 is vacated and this issue is remanded to the Bankruptcy Court to determine an appropriate fee award in light of the Bankruptcy Reform Act of 1994.

## CONCLUSION

The Court affirms the Bankruptcy Court's holding that appellant committed a willful violation of the automatic stay and that appellee is entitled to an award of damages under 11 U.S.C. § 362(h). The Court affirms the award to appellee of out-of-pocket expenses in the amount of $588.55 and damages for emotional distress in the amount of $5,000.00. The Bankruptcy Court's award of punitive damages is reversed and vacated due to the passage of the Bankruptcy Reform Act of 1994. The Bankruptcy Court's award of attorney's fees of $2,709.00 is vacated due to passage of the Act and the issue is remanded to the Bankruptcy Court for award of an appropriate fee in light of the new legislation. Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Bankruptcy Court be and is affirmed in part, reversed in part and remanded with instructions in accordance with the above memorandum.