Michael PATTON, American General Finance, Appellants,

v.

Joan I. SHADE, Appellee.

No. 00–3197–CV.

United States District Court, C.D. Illinois, Springfield Division.

Jan. 22, 2001.

William Hardy, Hinshaw & Culbertson, Springfield, IL, for Appellants.

John S. Narmont, Springfield, IL, for Appellee.

### ORDER

RICHARD MILLS, District Judge.

The Court now considers Appellants Michael Patton and American General Finance's appeal from sanctions imposed by the Bankruptcy Court.

### FACTS

On April 10, 2000, Appellee Joan Shade filed a voluntary petition for protection under Chapter 7 of the Bankruptcy Code. *See* 11 U.S.C. § 301. Shade attended a meeting of creditors on May 8, 2000. Following the meeting, American General Finance's representative, Michael Patton, accosted her in the courthouse's hallway in the presence of several other persons. Patton harassed Shade, repeatedly asking her why she was not going to pay the debt she owed American General Finance. His incessant questioning reduced her to tears and she ran to the courtroom where the creditors meeting had been held so she could seek the help and protection of her attorney. Shade's attorney accompanied her out of the courtroom. Patton remained waiting in the hallway. Shade's attorney demanded that Patton stop his questioning and leave his client alone. Shade's attorney then had to escort her from the building because she was too badly shaken to leave on her own.

On May 19, 2000, Shade moved the bankruptcy court to sanction Patton and American General Finance for the events at the courthouse. Shade claimed the incident violated 11 U.S.C. § 362(a)'s automatic stay provision and, thus, was sanctionable under 11 U.S.C. § 362(h). The bankruptcy court set the matter for hearing on June 6, 2000. It sent American General Finance a notice of hearing on May 23, 2000, and the certificate of service was executed two days later. The June 6 hearing came and went without anyone ever appearing on American General Finance's behalf. After Shade testified to the events of May 8, the bankruptcy court awarded her the following damages in an Order dated June 12, 2000: $500 in attorney's fees; $1,000 in compensatory damages; and $9,000 in punitive damages. Patton and American General Finance moved for reconsideration, but the bankruptcy court denied their motion.

On appeal, Patton and American General Finance argue that the sanctions should be overturned for two reasons. First, Patton contends that he has no recollection of receiving notice of the June 6 hearing. Second, Patton and American General Finance claim that the events of May 8 are not sufficiently severe to warrant the sanctions imposed by the bankruptcy court.

### STANDARD OF REVIEW

District courts have jurisdiction over appeals from final judgments and final orders in bankruptcy cases pursuant to 28 U.S.C. § 158. When reviewing a bankruptcy court's imposition of sanctions, a district court employs an abuse of discretion standard. *See English v. Cowell*, 969 F.2d 465, 472 (7th Cir.1992). An abuse of discretion occurs when "no reasonable person could take the view adopted by the lower court." *See Marcus v. Shalala*, 17 F.3d 1033, 1037 (7th Cir.1994).

When a party appeals a bankruptcy court's order, the district court reviews the bankruptcy court's conclusions of law de novo. *See Woodbridge Place Apartments v. Washington Square Capital*, 965 F.2d 1429, 1434 (7th Cir.1992); *Oneida Tribe of Indians v. State of Wisconsin*, 951 F.2d 757, 760 (7th Cir.1991). Findings of fact are reviewed according to a "clearly erroneous" standard. *See Calder v. Camp*

*Grove State Bank*, 892 F.2d 629, 631 (7th Cir.1990); *see also* Fed.R.Bk.P. 8013 (1991) (stating that findings of fact shall not be set aside unless clearly erroneous).

▬ Findings of fact are "clearly erroneous when, although there is evidence to support [them], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *see also E.E.O.C. v. Ilona of Hungary, Inc.*, 108 F.3d 1569, 1581 (7th Cir.1997); *Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir.1988) ("To be clearly erroneous, a decision must ... strike us as wrong with the force of a five-week old, unrefrigerated dead fish."). Furthermore, the clearly erroneous standard does not permit a trier of fact to be overturned "simply because [the reviewing court] is convinced it would have decided the case differently." *See Matter of Bonnett*, 895 F.2d 1155, 1157 (7th Cir.1989) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985)). The fact finder's choice cannot be clearly erroneous where two permissible conclusions can be drawn. *See Id.* (citing *E.E.O.C. v. Sears, Roebuck & Co.*, 839 F.2d 302, 309 (7th Cir.1988)).

## ANALYSIS

▬ A petitioner who files for bankruptcy under Chapter 7 of the Bankruptcy Code is protected by the § 362(a)'s automatic stay provision. Among the various prohibitions listed in this section is 11 U.S.C. § 362(a)(6). Under this provision, a creditor is prohibited from taking "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title ..." *See Id.* A creditor who violates

§ 362(a)'s automatic stay has an affirmative duty to undo the offending acts even if he had no actual notice of the bankruptcy at the time the acts were performed. *See Matter of Hellums*, 772 F.2d 379 (7th Cir. 1985). If a violation of the stay occurs, a court must award sanctions under 11 U.S.C. § 362(h).

In the instant case, there is no dispute that an automatic stay was in effect at the time Patton badgered Shade about paying her debt to American General Finance. Furthermore, since Patton knew that Shade had filed for bankruptcy and was appearing in court on May 8, 2000, with her attorney as part of the creditors' meeting, there is no dispute that his attempt to badger Shade into paying her debt was willful. As such, the Bankruptcy Court clearly had authority to issue sanctions under § 362(h). What is at issue here is whether Patton and American General Finance were properly served with a notice of hearing and whether the bankruptcy court imposed an appropriate sanction under § 362(h).

## I. Service

▬ A motion for sanctions under § 362(h) is a contested matter governed by Bankruptcy Rule 9014. *See Matter of Gledhill*, 76 F.3d 1070, 1077–78 (10th Cir. 1996). Rule 9014 requires that "the motion shall be served in the manner provided for service of a summons and complaint [for adversary proceedings] by Rule 7004[.]" *See* Bankruptcy Rule 9014. Under Rule 7004, "service may be made within the United States by first class postage prepaid ... by mailing a copy of the summons and complaint to ... the place where the individual regularly conducts a business or profession." Service is considered complete when mailed. *See Matter of Coggin*, 30 F.3d 1443, 1450 n. 8 (11th Cir. 1994).

Shade filed her motion for sanctions on May 19, 2000. She included a signed certificate of service saying that she mailed a copy to Patton and American General Finance, postage prepaid. Additionally, the record shows that the clerk's office sent Patton and American General Finance a certificate of service on May 25, 2000. The clerk's office sent the certificate by first class mail, postage prepaid.

■ Patton admits that he received a copy of Shade's motion, but he states in his affidavit that he has "no recollection" of a notice of hearing being received at the American General Finance office. Thus, the issue of service became a factual matter for the bankruptcy court to decide—*i.e.* whether a notice of hearing was properly sent to Patton and American General Finance. Since the clerk's record clearly showed that a notice of hearing had been sent to American General Finance's office on May 25 by prepaid first class mail, the bankruptcy court found that service had been properly made. Not only is this Court convinced that the bankruptcy court correctly decided this issue, the bankruptcy court's finding cannot be deemed clearly erroneous since it was one of two permissible conclusions that could be drawn. *See E.E.O.C. v. Sears, Roebuck & Co.*, 839 F.2d at 309 (a fact finder's choice cannot be clearly erroneous where two permissible conclusions can be drawn).

Were this not enough, the sole piece of evidence which Patton and American General Finance rely on to argue improper service is Patton's affidavit. The affidavit is conclusory, self-serving, and wholly unsupported by the record. It would be insufficient to create a genuine issue of material fact on summary judgment. *See Haywood v. North Am. Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir.1997) (stating that conclusory, self-serving affidavits which are wholly unsupported by the rec-

ord cannot be used to defeat summary judgment). Likewise, it cannot be used to create a factual issue in a case such as this. Thus, Patton and American General Finance cannot establish improper service.

## II. Sanctions

■ Section 362(h) provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." However, a debtor cannot succeed on a § 362(h) claim without alleging harassment or coercion. *See Divane v. A & C Elec. Co.*, 193 B.R. 856, 859 (N.D.Ill. 1996); *In re Hazzard*, 1995 WL 110588 at *2 (Bankr.N.D.Ill.1995) (holding that there exists "a need to find a 'coercive or harassing' element of some sort before § 362(h) applies.")

■ If a party willfully violates the automatic stay, an award under § 362(h) is mandatory, not discretionary. *See Martino v. First Nat'l Bank of Harvey (In re Garofalo's Finer Foods, Inc.)*, 186 B.R. 414, 437 (N.D.Ill.1995). Under § 362(h), "willfulness" requires knowledge that a bankruptcy petition has been filed—whether through formal notice or otherwise. *See In re Fridge*, 239 B.R. 182, 190 (Bankr.N.D.Ill.1999) (citing *Price v. Rochford*, 947 F.2d 829 (7th Cir.1991)). Specific intent to violate the automatic stay need not be found. *See In re Bloom*, 875 F.2d 224, 227 (9th Cir.1989). Damages are appropriately awarded under § 362(h) so long as the bankruptcy court finds that the defendant knew of the automatic stay and that the defendant's actions were intentional. *See In re Boldman*, 157 B.R. 412, 414 (C.D.Ill.1993).

■ Here, the Bankruptcy Judge awarded Shade $1000 in compensatory

damages, $9000 in punitive damages, and $500 in attorney's fees. The compensatory damages appear to based solely on emotional distress. The majority of courts which have considered claims for emotional distress under § 362(h) have denied them "where there is no medical or other hard evidence to show something more than a fleeting or inconsequential injury." *See In re Aiello*, 231 B.R. 684, 690 (1999) (citing *In re McHenry*, 179 B.R. 165 (9th Cir. BAP 1995); *In re Diviney*, 211 B.R. 951 (Bankr.N.D.Okla.1997); *In re Washington*, 172 B.R. 415 (Bankr.S.D.Ga.1994); *In re Crispell*, 73 B.R. 375 (Bankr.E.D.Mo.1987); *In re Demp*, 23 B.R. 239, 240 (Bankr. E.D.Pa.1982); *In re Cusanno*, 17 B.R. 879 (Bankr.E.D.Pa.1982)). Based on these cases, emotional distress cannot serve as a basis for awarding compensatory damages unless there is "some medical or other corroborating evidence to support the debtor's claim which shows that the debtor suffered something more than just fleeting and inconsequential distress, embarrassment, humiliation and annoyance." *See In re Aiello*, 231 B.R. at 691.

In *In re Aiello*, a debtor had already filed for Chapter 7 bankruptcy protection when a creditor mailed a letter to her home seeking repayment of credit card debt. The letter clearly violated the automatic stay when it accused the debtor of trying to fraudulently discharge her debt. Receipt of the letter led the debtor to cry, experience nausea and fright, quarrel with her husband and avoid answering the phone for fear of harassing calls. The debtor sought $7000 for her emotional distress, but the Bankruptcy Judge denied her claim. When the Debtor appealed, the district court held that she could not as a matter of law show that she was entitled to damages for emotional distress. *See Id.* at 692.

As was the case with the debtor in *In re Aiello*, Shade experienced fleeting embarrassment following her contact with Patton. The Court does not regard this incident lightly, but it sees no significant difference between Shade's claim and the one advanced by the debtor in *In re Aiello*. The law simply does not allow for compensatory damages in these instances. *See Id.* Accordingly, the Court finds that Shade is not entitled to compensatory damages.

Despite her inability to collect compensatory damages, Shade may nevertheless be entitled to attorney's fees and punitive damages under § 362(h). However, the Court will not take up either of these issues in the instant appeal. First, Shade's attorney has failed to corroborate the $500 fee he is seeking. The Court will not award attorney's fees until they are properly corroborated. *See, i.e.,* 11 U.S.C. § 329(a) (requiring an attorney to file a statement of compensation); Bankruptcy Rule 2016 (stating requirements of an attorney's application for fees). Second, while the case law supports an enormous range of punitive damages under § 362(h), punitive damage sanctions have been supported by detailed orders stating the specific reasons for the judge's decision. *See In re Sumpter*, 171 B.R. 835, 846 (Bankr. N.D.Ill.1994) (listing cases where punitive damages have ranged from $100 to $100,000).

The Court has no doubt that the bankruptcy court had good cause to impose punitive damages in this case. However, it cannot be certain what those reasons are given the bankruptcy court's broadly fashioned sanction order. Instead of speculating about why the bankruptcy court imposed the sanctions it did, the Court will remand the issue of punitive damages so the bankruptcy court can specifically state its reasons.

*Ergo,* the Bankruptcy Court's June 12, 2000, Order Allowing Motion of Debtor for Sanctions is REVERSED as to compensatory damages and REMANDED with respect to attorney's fees and punitive damages.