**In re Ronald Albert BAGGS, Debtor.**

**Ronald Albert Baggs, Plaintiff,**

**v.**

**McClain Ford–Mercury, Incorporated, Defendant.**

Bankruptcy No. 01–85183.
Adversary No. 02–8041.

United States Bankruptcy Court,
C.D. Illinois.

July 19, 2002.

---

**2.** See e.g. *In re Hatton*, 220 F.3d 1057, 1061    (9th Cir.2000).

Sumner A. Bourne, Peoria, IL, for debtor.

### *OPINION*

THOMAS L. PERKINS, Bankruptcy Judge.

The issue before the Court is whether the Debtor, Ronald Albert Baggs ("DEBTOR"), should recover punitive damages and attorney fees from the Defendant, McClain Ford–Mercury, Incorporated ("MCCLAIN"), pursuant to 11 U.S.C. § 362(h) for willful violation of the automatic stay.

When the DEBTOR filed his Chapter 7 petition on December 5, 2001, he scheduled MCCLAIN as an unsecured, nonpriority creditor with a claim in the amount of $100. The DEBTOR properly listed MCCLAIN on the creditor matrix and the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" was mailed to MCCLAIN by the Bankruptcy Noticing Center on December 7, 2001. The DEBTOR received a discharge on March 18, 2002. On that same day, the DEBTOR filed the Complaint for Violation

of Automatic Stay, alleging that MCCLAIN had willfully violated the automatic stay and seeking to recover punitive damages in the amount of $5,000, plus attorney fees.

Pursuant to Rule 7004(b) of the Federal Rules of Bankruptcy Procedure, the DEBTOR served a copy of the complaint and summons by first class mail on MCCLAIN in care of its registered agent. No entry of appearance or responsive pleading was filed by MCCLAIN and a hearing for entry of a default judgment was scheduled for 9:45 a.m. on May 28, 2002. Notice of that hearing was sent to MCCLAIN at the address used by its registered agent, as well as its business address in Henry, Illinois. No one appeared at the hearing on behalf of MCCLAIN.

A hearing was then scheduled for June 24, 2002, at 10:45 a.m. for the DEBTOR to prove up his claim for damages. Notice of the hearing was mailed to MCCLAIN, again at both addresses, on May 31, 2002. MCCLAIN failed to appear at the prove-up hearing. At the prove-up hearing, the DEBTOR was the only witness. He testified that he received two (2) written communications from MCCLAIN following his bankruptcy filing. The first was a past due account statement on MCCLAIN'S letterhead dated February 11, 2002, showing a balance due from the DEBTOR in the amount of $100. In large, red-ink printing on the statement is written the following:

"Must Be Paid in Full Immediately to Avoid Full Prosecution"

The DEBTOR immediately notified his attorney of the communication and the attorney wrote a letter to MCCLAIN dated February 15, 2002, advising MCCLAIN of the bankruptcy filing and of the automatic stay.

The DEBTOR then received a second past due account statement dated March 7, 2002, containing the following message in large, red printing:

"*April 1st* this will be turned in to collection with 18% interest added from 7–12–00. If this not paid in full—this will have court cost and attorney fees applied. PLEASE PAY ASAP----."

The DEBTOR testified that he was shocked and upset when he received these communications.

Section 362(h) provides that an individual injured by a willful violation of the automatic stay "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). The filing of a bankruptcy petition operates as a stay, applicable to all entities, of, among other things, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). Perhaps the most fundamental of all protections provided by the automatic stay is the freedom from debt collector calls and letters, and the "breathing space" afforded thereby.

Based upon the undisputed evidence received at the prove-up hearing, the Court finds that MCCLAIN willfully violated the automatic stay. MCCLAIN was properly scheduled and received notice of the bankruptcy filing. Approximately two (2) months later, MCCLAIN sent the DEBTOR a written collection statement containing a thinly veiled threat of criminal action if the debt was not paid in full immediately. Even after receiving a letter from the DEBTOR'S attorney reminding it of the bankruptcy filing and the effect of the automatic stay, MCCLAIN sent a second, equally threatening collection statement to the DEBTOR. Neither statement acknowledges nor makes any

reference to the bankruptcy filing. In light of the fact that the second communication was sent after MCCLAIN had been reminded of the effect of the bankruptcy filing by the DEBTOR'S attorney, there is no question that MCCLAIN'S conduct was willful.

Recognizing the applicability of the Seventh Circuit's controlling precedent in *Aiello v. Providian Financial Corp.*, 239 F.3d 876 (7th Cir.2001), and in the absence of any allegation or proof that the DEBTOR suffered a financial loss on account of MCCLAIN'S conduct, the DEBTOR is not seeking to recover compensatory damages for the emotional distress he suffered. The relief requested by the DEBTOR is for an award of punitive damages and attorney fees.

■■■ Punitive damages and attorney fees may be awarded under Section 362(h), even where the actual harm suffered is not compensable. *Patton v. Shade*, 263 B.R. 861 (C.D.Ill.2001). The primary purpose of punitive damages awarded for a willful violation of the automatic stay is to cause a change in the creditor's behavior; the prospect of such change is relevant to the amount of punitive damages to be awarded. *In re Riddick*, 231 B.R. 265, 269 (Bankr.N.D.Ohio 1999); *see, also, In re Novak*, 223 B.R. 363 (Bankr.M.D.Fla.1997) (bankruptcy court gauges punitive damage award based on gravity of creditor's offense, and sets award at levels sufficient to insure that it will punish and deter). The factors to be considered for an award of punitive damages for a willful violation of the automatic stay include the following: the nature of the creditor's conduct, the nature and extent of harm to the debtor, the creditor's ability to pay damages, the level of sophistication of the creditor, the

creditor's motives, and any provocation by the debtor. *In re Flack*, 239 B.R. 155, 163 (Bankr.S.D.Ohio 1999); *In re Klein*, 226 B.R. 542, 545 (Bankr.D.N.J.1998); *In re Wills*, 226 B.R. 369, 376 n. 8 (Bankr. E.D.Va.1998).

■■ Given the fact that two (2) communications are involved with an intervening reminder letter from the DEBTOR'S attorney, MCCLAIN'S conduct can only be characterized as inexcusable. There was no provocation by the DEBTOR. The DEBTOR suffered some emotional distress, but no other harm. It appears that MCCLAIN is an auto dealership local to the town of Henry, Illinois. It may not have a level of sophistication of a national or multinational corporation, but as a business dealing regularly with consumer customers, there is no reason to exempt MCCLAIN from being aware of and honoring the effect of the automatic stay, which is the most basic of all bankruptcy laws.

This Court believes it is also appropriate to take into account the amount of the debt sought to be collected, which in this case is the relatively small amount of $100. The Court will also take into consideration that this is the first time, to this Court's knowledge, that MCCLAIN has engaged in such conduct. The Court is not aware of any similar complaints made by other debtors against MCCLAIN.

In light of the record before the Court, and based upon a totality of the circumstances, the Court finds that punitive damages should be assessed against MCCLAIN in the amount of $300 and that the DEBTOR'S attorney should be awarded attorney fees in the amount of $450.[1] Hopefully, the effect of having to pay the

---

1. This is less than the $736 requested by the DEBTOR'S attorney, but the Court considers it to be a fair and reasonable award in light of

MCCLAIN'S default and the amount of the punitive damages award.

sum of $750 on account of its wrongful conduct will cause an immediate change for the better in the way that MCCLAIN handles bankruptcy filings in the future.

A separate Order will be entered granting judgment in favor of the DEBTOR and against MCCLAIN in the amount of $750. This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.