In re Gail K. WASHINGTON, Debtor.

UNITED STATES of America, Appellant,

v.

Gail K. WASHINGTON, Appellee.

No. CV494–151.

Bankruptcy No. 92–40489.

Adv. No. 93–04014.

United States District Court,
S.D. Georgia,
Savannah Division.

March 29, 1995.

Ruth Hearn Young, Savannah, GA, for appellant.

R. Wade Gastin, Savannah, GA, for appellee.

Harry Donival Dixon, Jr., Savannah, GA, for interested party Harry D. Dixon.

Dean R. Morley, III, District Counsel, IRS, Atlanta, GA, for interested party Dean R. Morley, III, Dist. Counsel, IRS.

James B. Thompson, Jr., Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, pro se.

## ORDER

EDENFIELD, Chief Judge.

Before the Court is an appeal by the United States of an order issued by the U.S. Bankruptcy Court for the Southern District of Georgia on May 13, 1994. Appellant argues that the bankruptcy court erred in: (1) holding the bankruptcy court had jurisdiction to award damages to the appellee, Gail Washington, under 11 U.S.C. § 362, (2) awarding attorney's fees under 26 U.S.C. § 7430, instead of 11 U.S.C. § 362(h), and (3) awarding punitive damages under 11 U.S.C. § 362(h). After the United States filed its appeal, the Bankruptcy Reform Act of 1994

(the "Act") was passed, which, due to its retroactive effect, has a direct bearing on all of these issues. In accordance with the Act, the bankruptcy court's ruling is **AFFIRMED** in part, **REVERSED** in part, and **RE-MANDED** with instructions.

## I. BACKGROUND

Appellee Gail Washington filed a Chapter 13 petition for relief with the bankruptcy court on March 9, 1992. On March 10, 1992, the Internal Revenue Service ("IRS") received notice of the pendency of her case from the bankruptcy court, and timely filed a proof of claim for an unsecured debt in the amount of $6,419.11. Appellee's Chapter 13 plan was confirmed on July 29, 1992.

The Appellee's tax debt stems from an 1987 tax obligation on which she was jointly liable with her husband and an individual tax obligation from 1991. On January 9, 1993, the IRS issued a notice of levy upon Appellee's employer, Southern Intermodal Logistics, a trucking firm where Appellee worked as a driver. Upon learning of the levy, Appellee petitioned the bankruptcy court for a stop levy order, which the bankruptcy court issued on January 14, 1993. Pursuant to that order the IRS released Appellee's wages on February 9, 1993.

After trying the case on February 2, 1994, the bankruptcy court issued a decision on May 13, 1994, in which it concluded that the IRS had waived sovereign immunity under 11 U.S.C. § 106(a) and willfully violated the automatic stay provision of 11 U.S.C. § 362(h). The bankruptcy court awarded Appellee $350 in lost wages, $2,852 in attorney's fees, and $10,000 in punitive damages. A portion of this award was used to offset Appellee's debt to the IRS; the remainder was paid to the Chapter 13 Trustee.

On May 20, 1994, the United States filed a Notice of Appeal challenging the bankruptcy court's order. After briefing was completed, the Bankruptcy Reform Act of 1994 was passed on October 22, 1994. Appellant submitted a supplemental brief on December 1, 1994, addressing the effect of the Act on the present case.

## II. DISCUSSION

### A. Standard of Review

■ The Court reviews this final order as an appellate tribunal, *In re Cornelison,* 901 F.2d 1073, 1075 (11th Cir.1990) (per curiam), and is constrained by the traditional standards of appellate review. *In re Calvert,* 907 F.2d 1069, 1071 (11th Cir.1990), *reh'g denied,* 917 F.2d 570 (1990); *In re Caldwell,* 851 F.2d 852, 857 (6th Cir.1988); *In re Atwood,* 124 B.R. 402, 404 (S.D.Ga.1991). The bankruptcy court's findings of fact are accepted as long as they are not clearly erroneous, but its conclusions of law are subject to *de novo* review. *In re Thomas,* 883 F.2d 991, 994 (11th Cir.1989), *cert. denied, Thomas v. Southtrust Bank,* 497 U.S. 1007, 110 S.Ct. 3245, 111 L.Ed.2d 756 (1990).

### B. Sovereign Immunity

■ Although Appellant dedicated a large portion of its initial brief to arguing the bankruptcy court erred in holding the government had waived sovereign immunity in this case, this issue was settled in the Appellee's favor by the Bankruptcy Reform Act of 1994. As the Appellant concedes in its supplemental brief, the amended Act provides, generally, sovereign immunity does not bar an award of attorney's fees and damages under 11 U.S.C. § 362(h) for a willful violation of an automatic stay, except to the extent that an attorneys' fee award is based on a rate in excess of the $75 fee cap of 28 U.S.C. § 2412(d)(2)(A) and except to the extent that a damage award involves punitive damages. These two exceptions are discussed further below.

### C. Willful Violation of an Automatic Stay

■ For a violation of an automatic stay to be "willful," all that is required is that an entity engage in a deliberate act to violate a stay with the knowledge that the debtor has filed for bankruptcy. *See In re Atlantic Business and Community Corp.,* 901 F.2d 325, 329 (3rd Cir.1990); *In re Bloom,* 875 F.2d 224, 227 (9th Cir.1989); *In re Solis,* 137 B.R. 121, 132 (Bankr.S.D.N.Y.1992). Where there is actual notice of the bankruptcy, it is presumed that the violation was deliberate or

intentional. *Homer Nat'l Bank v. Namie*, 96 B.R. 652, 654 (W.D.La.1989).

Here, the IRS admits that it was subject to the automatic stay, that it received notice of Appellee's bankruptcy, and that it violated the automatic stay by effecting a post-petition wage levy. In light of these facts, the Court finds that the bankruptcy court correctly held that the IRS had engaged in a *willful* violation of the automatic stay.

### D. Punitive Damages

In its supplemental brief Appellant argues that the Bankruptcy Reform Act of 1994 bars recovery of punitive damages against the United States for the willful violation of an automatic stay. Section 113 of the Act provides that a bankruptcy court "may issue against [the government] ... an order or judgment awarding a money recovery, *but not including an award of punitive damages.*" Pub.L. 103–394, 108 Stat. 4117–18, 113 (codified as amended at 11 U.S.C. § 106) (emphasis added). This provision makes it clear that punitive damages cannot be awarded under the Bankruptcy Reform Act. Consequently, the Court reverses the bankruptcy court's award of punitive damages.

### E. Attorney's Fees

Section 113 of the Bankruptcy Reform Act, made retroactive by Section 702, provides that awards for attorney's fees against the government be consistent with 28 U.S.C. § 2412(d)(2)(A). The relevant portion of that section provides that "attorney's fees shall not be awarded in excess of *$75 per hour* unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* (emphasis added). The bankruptcy court awarded attorney's fees at the rate of $100 per hour, which needs to be reconsidered in light of the Act.

Therefore, the attorney's fee award of $2,852 is vacated and this issue is remanded to the bankruptcy court to determine an appropriate fee award in light of the Bankruptcy Reform Act.

### III. CONCLUSION

Yet again the IRS's money grubbing zeal has led it afoul. Not satisfied to wait their turn, the tax vultures swooped in early to pick the bones of this bankruptcy carcass only to find that this one still had some fight in it. Now while the IRS hops away with its tail feathers between its legs, the taxpayer is left to pay for this egregious folly.

This type of willful violation of a taxpayer's rights is reminiscent of the Stout case where the IRS's raid on a Garden City store in 1990 drew attention to the agency's incompetence. In that case, as this one, the IRS demonstrated its lack of respect for the taxpayer. It is time the IRS paid heed to the oft quoted phrase: "The means do not justify the ends."

The Court **AFFIRMS** the bankruptcy court's holding that Appellant committed a willful violation of the automatic stay and that Appellee is entitled to an award of damages under 11 U.S.C. § 362(h). The Court **AFFIRMS** the award to appellee of lost wages in the amount of $350. The bankruptcy court's award of punitive damages is **REVERSED** and **VACATED** due to the passage of the Bankruptcy Reform Act of 1994. The bankruptcy court's award of attorneys fees $2,852 is **VACATED** due to the passage of the act and is **REMANDED** to the bankruptcy court for award of an appropriate fee in light of the new legislation.

SO ORDERED.