**In re James William DAVIS and Deanna Kay Davis, Debtors.**

**James William DAVIS and Deanna Kay Davis, Plaintiffs,**

v.

**UNITED STATES of America, in the Name of its agency, INTERNAL REVE-NUE SERVICE, Defendant.**

**Bankruptcy No. 95–12357–MAM–7. Adv. No. 96–1001.**

United States Bankruptcy Court, S.D. Alabama.

May 24, 1996.

James William Davis and Deanna Kay Davis, pro se.

William R. Sawyer, Mobile, AL, for Defendant.

## ORDER AND JUDGMENT

MARGARET A. MAHONEY, Chief Judge.

This case is before the Court on the Complaint of James and Deanna Davis (Debtors or the Davises) against the Internal Revenue Service (IRS or Government)[1] for violation of the automatic stay pursuant to 11 U.S.C. § 362(h). The Court has jurisdiction to hear the matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). For the reasons indicated below, the Court is awarding a judgment to the plaintiffs in the amount of $480.

### FACTS

The Davises filed their Chapter 7 case on September 8, 1995. Their filing was necessitated by a large debt owed to the IRS for unpaid income taxes for the years 1990 through 1993 and by medical bills.

The Davises were in contact with the IRS prior to the filing of their bankruptcy case about their delinquent taxes. The Davises had arranged an installment agreement with the Government in which they were to pay $150 per month on the tax debt. In mid August 1995, the Davises were sent correspondence by the IRS which confirmed the agreement. To make the agreement effective, the Davises needed to send a $43 user fee to the IRS as well as the first payment. The Davises filed bankruptcy on September 8 before any payment occurred.

The Davises listed the IRS as a creditor in their bankruptcy schedules. The IRS admits it received notice of the bankruptcy filing in the Declaration of the IRS witness, its Motion to Continue Trial and through counsel's statements at trial. It is not clear when that notice was received. The Declaration of the IRS employee who reviewed the Davises file stated that the Government file indicated a

bankruptcy notice was received on December 11, 1995. Mrs. Davis stated that she told an IRS employee about the bankruptcy filing in early August before December 6, 1995. In the bankruptcy file of the Davises, the IRS is listed as a creditor and would have been mailed a notice of the bankruptcy filing by the Clerk's office. The IRS did not input the "freeze code" into its computer base indicating that a bankruptcy had occurred staying all enforcement procedures until after its levy on December 6, 1995. On three occasions between September and November 1995, the IRS sent dunning letters to the Davises demanding that they pay sums due under their defaulted installment agreement. In November 1995, the IRS sent four Notices of Intent to Levy to the debtors, one for each of the delinquent tax years. On December 6, 1995, the IRS levied on the bank accounts of the debtors at First Alabama Bank for the amount then owing of $4,008.81. The bank sent the IRS the sum of $467.61 as a result of the levy. The debtors received notice that the levy had occurred on December 14, 1995.

Mrs. Davis indicated that she called the IRS before they filed bankruptcy and told an agent that they would be filing. She also tried to call the numbers listed in some of the letters after filing, but could not get through. She never sent any correspondence to the IRS. When she found out that the levy had occurred, she called the WATS number for the IRS listed on a letter, and the IRS restored the funds taken from the Davises' accounts within one day.

Mrs. Davis testified that she and her husband had incurred bad check charges of $180 due to the levy. They were also very embarrassed and humiliated by the experience. The checks which bounced were checks to local merchants with whom they had done business for a long time and with whom they continue to do business.

---

1. The Government raised as a defense that the IRS is not a proper defendant since it is not an agency authorized to sue or be sued in its own name. *See, Castleberry v. Alcohol, Tobacco and Firearms Division,* 530 F.2d 672, 673 n. 3 (5th Cir.1976); *Bernard v. IRS,* 69 A.F.T.R.2d ¶ 515, 1991 WL 327960 (N.D.Fla. Dec. 13, 1991). The proper defendant is the United States.

The Court will not dismiss the complaint for this reason. The Court will consider the complaint to be amended and the proper defendant, the United States of America, as named. Fed. R.Bankr.P. 7016(b). The Government was served with the complaint, answered it, and is fully defended in the case. No prejudice will result.

The Davises incurred no attorneys fees in this proceeding because they handled the matter themselves. They seek $200 in NSF check charges, $2,000 for "trauma and embarrassment and the ordeal of worry in straightening the problem out" and punitive damages. The IRS has offered to pay the $180 in bad check charges due to what the IRS attorney admits was at least a technical violation of the stay. The Davises also requested that their unpaid taxes be discharged as a part of the relief given to them in this case.

### LAW

The issues this case presents are (1) Is there a "willful" violation of the stay as required by 11 U.S.C. § 362(h) for an assessment of any damages against the IRS? (2) If there was a willful violation of the stay, what compensatory damages are allowable? (3) If there was a willful violation of the stay, what punitive damages are assessable against the IRS? and (4) Is discharge of the debtors' tax debts appropriate relief?

### A.

Section 362(h) of the Bankruptcy Code states:

> An individual injured by any willful violation of a stay provided for by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

In this case, there is no dispute that a violation of the stay occurred. The only issue is whether the violation was "willful."

■ For a violation of the automatic stay to be willful, the only requirement is that "the entity engage in a deliberate act to violate the stay with the knowledge that the debtor has filed for bankruptcy." *In re Flynn*, 185 B.R. 89 (S.D.Ga.1995); *In re Washington*, 184 B.R. 172 (S.D.Ga.1995) (citing other authorities); *In re Matthews*, 184 B.R. 594, 599 (Bankr.S.D.Ala.1995). Where actual notice of the bankruptcy case is proven, a violation of the stay is presumed. *Homer National Bank v. Namie*, 96 B.R. 652 (W.D.La.1989).

■ In this case, the exact notice date is not clear. However, the Court finds that the preponderance of the evidence is that notice of the bankruptcy filing was received prior to the levy based upon the listing of the IRS in the bankruptcy schedules, the testimony of Mrs. Davis, the statements in the IRS Motion to Continue and Government counsel's statements. The IRS terms the violation "technical" and not willful. As stated in the *Washington* case and the *Flynn* case, once it is shown that actual notice of the bankruptcy was received, the law is that the violation is willful. Therefore, the Government's levy is a willful violation of the stay pursuant to 11 U.S.C. § 362(h).

### B.

■ The second issue is what compensatory damages are appropriate. The only damages proven to a monetary certainty by the Debtors were $180 in check charges incurred for the checks which were not covered by the Debtors' bank due to the levy. The Debtors allege that they should be awarded $2,000 as well for trauma and humiliation.

Some courts refuse to award compensatory damages for emotional distress without medical evidence. *Matthews*, 184 B.R. at 600; *In re Flynn*, 169 B.R. 1007, 1021–1022 (Bankr.S.D.Ga.1994). Others require a lower standard for an award for a violation of the stay. *Id.* at 1022. In this case, it is clear the Debtors suffered some embarrassment due to the local nature of many of the returned checks. The Court does not believe damages to be as substantial as $2,000. The creditors already knew the Davises were in bankruptcy. Therefore, the Debtors precarious finances were known. However, inconvenience and some embarrassment did occur which the court will quantify at $300, 150% of the out of pocket costs. There are no attorneys fees to be awarded because the Debtors proceeded pro se.

### C.

■ The third issue is whether the IRS is liable for any punitive damages. In 1994, the Bankruptcy Code was amended to make clear that the federal government and other governmental units are not subject to puni-

tive damage awards for violations of the stay. 11 U.S.C. § 106(a)(3). *Flynn,* 185 B.R. at 93; *Washington,* 184 B.R. at 175. Therefore, none will be awarded.

### D.

■ Is discharge of the IRS debt an appropriate manner in which to compensate debtors for a violation of the stay? The Davises do not state whether they seek discharge of their tax debt as an actual damage claim or a punitive damage claim. Either way, the request is inappropriate. The taxes are in an amount greater than $4,000. The entire compensatory damage request of the Debtors is only $2,200. The Court is only awarding $480. Therefore, discharge of the debt as compensatory relief would far outweigh actual losses and is inappropriate. If the Debtors or the IRS wish to offset the damage award against the unpaid taxes, that is a separate matter.

If the request to discharge the taxes is a punitive damage claim, it fails for the reasons stated above in paragraph C. Punitive damages are not recoverable against the federal government.

### CONCLUSION

For the reasons indicated above, the Debtors should be awarded $180 as compensation for insufficient check charges and $300 for emotional distress. No other damages were proven or allowable. The award is to the Davises personally. It is not property of their Chapter 7 bankruptcy estate as it relates to a claim which arose after the filing of their case.

THEREFORE IT IS ORDERED AND ADJUDGED that the Plaintiffs, James Davis and Deanna Davis, are awarded a judgment in their favor against the Defendant, the United States of America, through its agency, the Internal Revenue Service, in the amount of Four Hundred Eighty and no/100ths Dollars ($480).