**HANNA COAL COMPANY, INC., Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

Civil Action No. 92–0071.

United States District Court, W.D. Virginia, Big Stone Gap Division.

June 26, 1996.

Robert T. Copeland, Abingdon, VA, for plaintiff.

Angelo Fratterelli, Washington, DC, for defendant.

### MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

In this suit seeking damages for violation of an automatic stay in bankruptcy, defendant Internal Revenue Service ("the IRS") moves to dismiss. The motion is denied.

### ANALYSIS

This action was commenced before the Bankruptcy Court for the Western District of Virginia on October 25, 1991. Plaintiff Hanna Coal Company, Inc. ("Hanna Coal") sought relief for the IRS's seizure of its property, alleging wrongful levy and violation of a bankruptcy automatic stay. On May 11, 1992, this court assumed jurisdiction over the case, and on August 18, 1994, granted the IRS's motion to dismiss the claim against it alleging violation of the automatic stay. The court held that an action could not proceed against the government for violation of an automatic stay, because the government had not waived its sovereign immunity with re-

spect to that issue. On October 12, 1994, the court dismissed the wrongful levy claim, the sole claim remaining, as barred by the applicable statute of limitations, and entered a final order dismissing the case with prejudice. On October 20, 1994, Hanna Coal filed a motion to alter or amend the judgment, arguing that an October 5, 1994 amendment to the Bankruptcy Code changed the law with respect to the government's immunity from suit for violation of an automatic stay. The court accordingly vacated the October 12 final order and reinstated this case on the docket on November 18, 1994. Now before the court is the IRS's renewed motion to dismiss.

■ As the court's conclusion that a wrongful levy action would be barred by the statute of limitations was unaffected by its October 12 order, the only issue now presented is that of the automatic stay. The IRS has conceded, in oral argument and in its briefs, that sovereign immunity is no longer a valid defense to a claim of violation of an automatic stay in bankruptcy. Rather than dispute this well-established point of law, the IRS contends that Hanna Coal's exclusive remedy in a case such as the one at bar is one for wrongful levy under the Internal Revenue Code.

■ There is no question that the Internal Revenue Code provides a cause of action to a person wronged by an IRS levy. *See* 26 U.S.C. § 7426(a)(1). It is equally clear, however, that this remedy is not exclusive. Section 7426(a)(1) mentions neither exclusivity nor bankruptcy, suggesting that, if the provision was intended to displace the cause of action for violation of an automatic stay, it was very poorly drafted. Furthermore, it is now well-established law that the IRS can be sued for violation of an automatic stay for wrongfully levying on property or threatening to do so. *See, e.g., In re Price,* 42 F.3d 1068, 1074 (7th Cir.1994) (upholding judgment against the IRS for violation of automatic stay for sending notice of intent to levy); *In re Washington,* 184 B.R. 172, 174–75 (S.D.Ga.1995) (same); *Davis v. I.R.S.,* 136 B.R. 414, 419–23 (E.D.Va.1992) (same, for levy and threat of levy). At least one court has directly addressed the issue of whether a suit brought under the provisions of the Bankruptcy Code must comply with similar provisions of the Internal Revenue Code, concluding that it does not. *Price,* 42 F.3d at 1074 (holding that Bankruptcy Code, not Internal Revenue Code, governs award of fees for IRS violation of automatic stay).

It appears that the IRS has in the past enjoyed a privileged status in levying upon the assets of a bankrupt. The October 5, 1994 amendment to the Bankruptcy Code changed this favorable climate by deliberately abrogating sovereign immunity with respect to several Code sections, including the automatic stay provision. The IRS cannot restore its former status by invoking sections of the Internal Revenue Code not intended to address the special legal status of bankruptcy.

Because Hanna Coal has properly pled a violation of the automatic stay, and because this cause of action is not barred by any current law, the IRS's motion to dismiss is denied.

### CONCLUSION

For the reasons stated, defendant's motion to dismiss is denied. An appropriate order will be entered this day.