**In re Earll HOLDEN and Carol Holden, Debtors.**

**Earll HOLDEN and Carol Holden, Plaintiffs,**

**v.**

**UNITED STATES of America, by its agency the INTERNAL REVENUE SERVICE (IRS), Defendant.**

**Bankruptcy No. 96–10549–FGC. Adversary No. 97–1020.**

United States Bankruptcy Court D. Vermont.

Oct. 14, 1998.

M.A.D. Ranaldo, Assistant U.S. Attorney, Burlington, Vermont and P. Sklarew, Assistant Chief, Northern Civil Trial Section, Tax Division, U.S. Dept. Justice, Washington, D.C., for the United States of America, IRS (IRS).

G. Walsh, Vermont Legal Aid, Inc., Springfield, VT, for Earll and Carol Holden (Debtors).

## MEMORANDUM OF DECISION DENYING IRS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF MENTAL SUFFERING AND/OR RECONSIDERATION

FRANCIS G. CONRAD, Bankruptcy Judge.

Before us [1] is a motion by IRS, to preclude Debtors from introducing evidence in support of their claim for emotional damages incurred as a result of the IRS's alleged wilful violation of the automatic stay (Motion).

The Motion is denied because emotional damages may be compensable under § 362(h).[2] Debtors may introduce evidence in support of their claim for damages for emotional distress. The credibility of the expert witnesses and weight attributed to the evidence will be determined by us at trial.

## BACKGROUND

Debtors filed a Chapter 13 petition on May 23, 1996. IRS was listed as a "Schedule E" creditor for $184.92, which represented an underpayment for 1992 personal income taxes. A Chapter 13 plan was confirmed September 19, 1996; however, the Holdens experienced a change of circumstances and certain debt obligations fell into arrears. Debtors planned to use a pending $2,050.00 tax refund to bring themselves current. The refund was not received and upon inquiry, it was determined that IRS had frozen the refund due to the bankruptcy filing and the outstanding debt to the IRS.

IRS told Debtors that if they agreed to pay the pre-petition debt out of the refund, IRS would pay the balance over. No relief from the automatic stay was ever obtained.[3] Three months of mortgage payments had

---

**1.** Our subject matter jurisdiction over this controversy arises under 28 U.S.C. § 1334(b) and the General Reference to this Court under Part V of the Local District Court Rules for the District of Vermont. This is a core matter under 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (K), and (O). This Memorandum of Decision constitutes findings of fact and conclusions of law under Fed. R.Civ.P. 52, as made applicable by Fed. R.Bkrtcy.P. 7052.

**2.** All citations are to the Bankruptcy Code, Title 11, United States Code, unless otherwise noted.

**3.** The issue of whether this "freeze" was inappropriate has been remanded back to this Court after an appeal by Debtors.

fallen into arrears and the Holdens received notice of acceleration due to the accounts' delinquency. Receipt of the tax refund would have deflected this situation. Debtors home was now in jeopardy and the mortgagee was a neighbor. Others on their neighbor's block would soon know the Holdens' precarious situation. Hence, Debtors' claim for emotional distress.[4]

## DISCUSSION

In the interest of avoiding another freeze on future refunds, the Debtors seek a declaratory judgment that the IRS's act of demanding payment for a pre-petition debt during an active Chapter 13 without first obtaining relief from the automatic stay violated 11 U.S.C. § 362(a)(6) and (7). Debtors allege that this seizure of a post-petition refund and earned income credit without notice or without an opportunity to timely object violated their Fifth Amendment right to procedural due process.

At a pre-trial conference held June 8, 1998, it became clear that Debtors intended to introduce evidence on Mrs. Holdens' claim of panic disorder. IRS claims that emotional damages should not be permitted in a stay violation dispute. Holding steadfast to their belief and not wanting to waste the government's time and resources and the Debtors' time with unnecessary depositions if medical testimony would not be allowed, IRS asked for a preliminary ruling on this issue. Trying to satiate all needs, we ruled from the bench and denied IRS' request to exclude evidence. *Transcript June 8, 1998 at p. 8. (Tr.)* We reasoned then, as we reason now, that actions taken by those in authority, particularly government agencies and its officials, can inflict severe angst on those living through those actions. Whether intentional or not, the fact that "the government" has spoken is enough to send those on the receiving end of a government message into a downward emotional spiral. In this instance, Mrs. Holden alleges that her panic disorder

was aggravated by IRS actions and caused emotional distress.

IRS is also concerned that we will spend needless hours attempting to get to the core of Mrs. Holden's panic disorder and then have to determine whether or not it was aggravated by the IRS' action. Allowing a plaintiff to prove its case is never a waste of time. Isn't this what due process is all about. All litigants are allowed their day in our court. IRS will of course, have its opportunity to cross examine and rebut any testimony.

IRS tries to persuade us not to hear evidence on the issue of damages for emotional distress by dissecting the definition of actual damages under 11 U.S.C. § 362(h).[5] Their argument suggests that the Bankruptcy Courts that have dealt with this issue have summarily concluded that damages for emotional distress were warranted without any coherent analysis of what the damages really were.

We looked at the opinions suggested by the IRS. These courts awarded damages for emotional stress only after concluding that there was a stay violation. Having reached that conclusion, the courts were compelled to utilize a standard for assessing damages. In *In re Flynn*, 169 B.R. 1007, 1023 (Bankr. S.D.Ga.1994), debtor was awarded $5,000.00 for emotional distress due to the embarrassment, humiliation and shame suffered as a result of an unauthorized IRS levy. Recognizing that damages from mental anguish can be difficult to prove, Chief Judge Davis did not refrain from allowing such an award. "The natural and powerful emotional reactions cannot be dismissed as 'fleeting' or 'inconsequential.'" 169 B.R. at 1023. In the *Flynn* case, debtor felt an "overpowering sense of humiliation, embarrassment and shame occasioned by the levy and its consequences." *Id.* On appeal, the District Court affirmed the award of emotional damages despite the fact that no medical testimony was produced. *In re Flynn*, 185 B.R. 89, 93 (S.D.Ga.1995)

---

4. We make no finding as to the claim's validity.

5. *11 U.S.C. § 362(h) provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual* damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

We are aware that in another case Judge Davis denied a debtor's claim for mental anguish damages after finding that IRS had wilfully violated the automatic stay when it sent a notice to her employer that the IRS was placing a levy on her wages. Debtor had been informed of this levy from the dispatcher on the job. *Washington v. IRS (In re Washington)*, 172 B.R. 415 (Bankr. S.D.Ga.1994) Judge Davis opined that the debtor merely suffered embarrassment at work where the levy was placed on her wages. Debtor's "mental anguish caused by this event [was] fleeting and inconsequential." *Id.* at 427 The levy was released almost immediately so there was no interruption in her wage payment. *Id.* at 418.

In *In re Matthews*, 184 B.R. 594, 601 (Bankr.S.D.Ala.1995), the IRS' seizure of a tax refund post-petition was found to violate the automatic stay. Debtors were awarded $3,000.00 for the loss of use of their funds and stress. The Court found the IRS' actions "clearly inappropriate" and recognized that these damages are not easily calculable. "A damage award [under 362(h) ] must not be based on mere speculation, guess, or conjecture." 184 B.R. at 600 (citations omitted.) In *In re Davis*, 201 B.R. 835, 837 (Bankr. S.D.Ala.1996), IRS' levy on the debtor's bank account was held a wilful violation of the automatic stay and debtors were awarded $300.00 for the embarrassment and inconvenience of bounced checks at the local level. 201 B.R. at 837.

Mindful of the IRS' concern that many of the courts that have dealt with this issue did so in a conclusory fashion, allowing evidence on this issue will place us in a position to factually support our conclusion. In order to provide the desired intelligent analysis, we need to hear testimony and allow evidence on the issue.

■ Alternatively, the IRS has argued that if emotional damages are to be awarded then they should be restricted to those instances where there is intent to inflict emotional distress or physical contact or the threat of physical contact. We won't adopt this theory because we believe § 362 contemplates damages for emotional distress. Emotional distress is an actual injury. Our emotions can wreak havoc with our nervous system, often having physical side effects. Emotional distress is not an ethereal proposition or an intangible concept. The stress is felt not by the inanimate object, the check bouncing or the account freezing. Rather, the emotions belong to and are felt by the owner of the bounced check and the frozen account.

Perhaps the Courts that have ruled IRS wilfully violated the stay and awarded damages for mental suffering felt that an in-depth discussion for the basis of the award would be rhetorical. After all, one tends to become distraught when a tax refund does not arrive or when checks bounce at the local merchants, or when access is denied to a checking or savings account. The internal agonizing of "I can't pay my bills" or "I'll be evicted" begins. Legitimate human emotions are brought to bear when one's rights are trampled on. We need to hear medical testimony as to how deep the suffering was, if any, and review the medical records, to the extent they are properly admitted.

## CONCLUSION

Having established a claim for relief under the Bankruptcy Code, the Holdens may claim emotional distress. We will hear evidence on this issue and decide if damages are justified. We would be remiss if we didn't allow a litigant to prove a case. Emotional damages need to be proven and to that end, medical testimony is mandated. The Motion to exclude this evidence is denied.

So Ordered.