In re Samuel C. COVINGTON and Elizabeth Buxton Covington, Debtors.

Samuel C. Covington and Elizabeth Buxton Covington, Plaintiffs,

v.

Internal Revenue Service, Defendant.

Bankruptcy No. 98–03609.
Adversary No. 99–80051.

United States Bankruptcy Court, D. South Carolina.

March 6, 2000.

John Douglas Barnett, Joe S. Dusenbury, Jr., John S. Kay, Ronald Charles Scott, Columbia, SC, for creditor.

Elizabeth Buxton Covington, Charleston, SC, pro se.

Samuel C. Covington, Charleston, SC, pro se.

## ORDER

WM. THURMOND BISHOP,
Bankruptcy Judge.

This matter came before the Court on a trial on the adversary filed by the Covingtons (debtors) against the Internal Revenue Service (IRS)[1] for a violation of the automatic stay and for fees and costs. Based upon the following, this Court finds that the IRS violated the automate stay and grants damages and limited costs.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The debtors filed a Chapter 13 bankruptcy petition on April 24, 1998.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 26 U.S.C. § 7433(e) as enacted by the IRS Restructuring and Reform Act of 1998 and 11 U.S.C. § 362(h).

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. The IRS received notice of the bankruptcy case and filed a Proof of Claim in the debtors' bankruptcy case on May 18, 1999, in the amount of $146,745.17.

5. After filing the bankruptcy petition, the debtors filed amended tax returns for the taxable years of 1991, 1992, 1993, 1994, 1995, and 1996, stating that the debtors did not have taxable income for those tax years and requesting refunds.

6. The IRS determined that the amended tax refunds for the tax years 1991, 1992, 1993, 1994, 1995, and 1996 were frivolous.

7. Based upon the determination that the amended returns filed by the debtors were frivolous, the IRS, pursuant to Section 6702 of the Internal Revenue Code, assessed the debtors with a frivolous return penalty of $500 on September 29, 1999, for each return filed.

8. Immediately after assessing the frivolous return penalties against the debtors, the IRS mailed the debtors a Form 866A document which stated: "you filed a Form 104X excluding taxable income. Your claim has been disallowed. The frivolous return penalty is applicable under the Internal Revenue Code Section 6702." The Form 866A document referenced the years 1991, 1992, 1993, 1994, 1995, and 1996.

9. On November 9, 1998, the IRS mailed the debtors a Form 6335 document entitled "Reminder—You Still Owe An Amount on Your Account." the IRS mailed the debtors a Form 6335 for each year for which a frivolous return penalty was assessed—1991, 1992, 1993, 1994, 1995, and 1996. Form 6335 documents provided notice to the debtors of the assessment of the frivolous return penalties and informed the debtors that they must pay the entire amount of the penalty and file a Form 843 Claim for Refund of the penalty by December 9, 1998, in order to contest the penalty administratively before the IRS.

---

1. The complaint was originally filed against the IRS, but the plaintiffs/debtors amended the complaint to replace the IRS as defendant and substitute the United States of America. However, this Court will refer to the defendant as the IRS as that is the entity with whom the debtors dealt.

10. On December 21, 1998, the IRS mailed the debtors Notices of Intent to Levy with respect to each frivolous return penalty assessment. The Notices of Intent to Levy informed the debtors that they had not paid their outstanding penalty assessments for the years 1991, 1992, 1993, 1994, 1995, and 1996 and made further demand for payment of these penalties. These Notices also came with a pamphlet entitled "Understanding The Collection Process."

11. On December 23, 1998, the debtors' attorney R. Michael Drose mailed a letter to the IRS Insolvency Unit in Columbia, South Carolina, informing the IRS that the debtors had been "contacted regarding intent to levy or other communications from your service." The letter further requested that the IRS cease the mailing of notices and other communications to the debtors and advise Mr. Drose that the communications would cease.

12. The IRS, through its agent, phoned Mr. Drose's office on January 4, 1999, that collection efforts would stop as there was a "hold" on the debtors' account.

13. The debtors filed this lawsuit on March 12, 1999, requesting damages from the IRS as a result of the mailing of the notices of intent to levy and documents mentioned above.

14. On July 30, 1999, the IRS filed a motion for summary judgment which was granted in part and denied in part. This Court granted partial summary judgment on the issue of damages holding, pursuant to 11 U.S.C. § 106(a)(3), that the debtors could not recover punitive damages, but denied summary judgment as to whether Notice of Intent to Levy is the same as a notice and demand for payment, the latter being exempted from a stay violation under 11 U.S.C. § 362(6)(9)(D).

### ISSUES

The issues presented in this case are (1) whether there was a "willful" violation of the automatic stay as required by 11 U.S.C. § 362(h) for an assessment of damages and costs against the IRS; and (2) if there was a willful violation of the stay, what compensatory damages are allowed.

### DISCUSSION

#### (a) Violation of the Stay

The IRS seeks a determination that a Notice of Intent to Levy is a notice and demand for payment. 11 U.S.C. § 362(b)(9)(D) provides that § 362 does not operate as a stay under section (a) of

> the making of an assessment for any tax and issuance of a notice and demand for payment of such assessment (but any tax lien that would otherwise attach to property of the estate by reason of such assessment shall not take effect unless such tax is a debt of the debtor that will not be discharged in the case and such property or its proceeds are transferred out of the estate to, or otherwise revested in, the debtor).

The IRS called as a witness their bankruptcy specialist who testified that the IRS knew of the debtors' bankruptcy and that the agency placed a "hold" of the debtors' account to cease collection activities due the bankruptcy filing of the debtors. This witness was on vacation the week between Christmas and New Year in 1998 and did not receive the letter from Mr. Drose about the levy until she returned in early January, 1999. When she returned to work on January 4, 1999, she notified Mr. Drose's office that there was a "hold" on the account and she requested copies of the notices. She further testified that she did not receive a copy of the notices but discovered these notices of intent to levy in a "non-master" file which was in Charleston and which did not indicate the debtors' bankruptcy status.

■ The IRS sent six notices dated November 11, 1998, to the debtors notifying them that they had been assessed $500 for each return as a miscellaneous penalty. This Court is of the belief that these six notices are of the type to which 11 U.S.C.

§ 362(b)(9)(D) refers and excepts from a stay violation.

■ The IRS does not dispute that it sent the debtors six documents entitled "Notice of Intent to Levy," which were dated December 21, 1998 and included pamphlets entitled "Understanding the Collection Process." The IRS contends that the "Notice of Intent to Levy" was nothing more than a notice of an assessment.

The Third Circuit in *Jove Engineering, Inc. v. I.R.S.*, 92 F.3d 1539 (11th Cir.1996), found that the debtor made a prima facie case that the IRS violated the automatic stay, even though no particular employee specifically intended to violate the stay, where the IRS sent a "Request for Payment" and then "Notice of Intent to Levy—Immediate Response Required" on two separate occasions. (The Court found a further violation in that an IRS employee went to the debtor's business after sending these letters.) 92 F.3d at 1556. Several other courts have found that the issuance of a notice of intent to levy, when the IRS has notice of bankruptcy, is a violation of the stay. *In re Boldman*, 157 B.R. 412 (C.D.Ill.1993); *In re Price*, 130 B.R. 259 (N.D.Ill.1991); *In re Bulson*, 117 B.R. 537 (9th Cir. BAP 1990).

These notices dated December 21, 1998 entitled "Notice Of Intent To Levy—You Must Respond Now" evidence more than the making of an assessment by the IRS. These notices, along with the accompanying pamphlet, clearly constitute more that a demand for payment. These notices constitute a collection effort and advise the debtor of specific consequences if payment is not made within a certain period of time. They constitute threats which the IRS cannot in fact carry out because of the automatic stay but debtors, at least most debtors, don't know this. This Court is of the opinion that the notices sent by the IRS to the debtors do not constitute an assessment and demand for payment and are not a collection efforts which are excepted from the stay by 11 U.S.C. § 362(b)(9)(D).

*In re Shealy*, 90 B.R. 176 (Bankr.W.D.N.C. 1988) (finding that a notice to levy by the South Carolina Tax Commission was not an exception to the stay under § 362(b)(9)).

■ In order to find a willful violation of the stay, all this Court needs to find is that "the entity engaged in a deliberate act to violate the stay with the knowledge that the debtor has filed for bankruptcy." *In re Davis*, 201 B.R. 835 (Bankr.S.D.Ala. 1996) citing *In re Flynn*, 185 B.R. 89 (S.D.Ga.1995); *In re Matthews*, 184 B.R. 594, 599 (Bankr.S.D.Ala.1995). Where actual notice of the bankruptcy case is proven, a violation of the stay is presumed. Once it is shown that the creditor received actual notice of the bankruptcy, the violation is willful. *In re Davis*, 201 B.R. 835 (Bankr.S.D.Ala.1996). This Court finds that the IRS knew of the debtor's filing and the Notices of Intent to Levy dated December 21, 1998, which were sent to the debtors constitute a willful violation of the automatic stay, which violation continued until the IRS advised Mr. Drose's office of the "hold". Although Mr. Drose did not personally received this communication from the IRS, his office did and this is constructive notice to debtors which should have allayed any further fears of collection.

### (b) Damages

■ 11 U.S.C. § 106 provides for the waiver of sovereign immunity by a governmental unit. § 106(a)(1) provides that sovereign immunity is abrogated with respect to 11 U.S.C. § 362. 11 U.S.C. § 106(a)(3) provides that this Court may issue an award for money damages against a governmental unit but not an award of punitive damages. At the hearing on the motion for summary judgment, this Court concurred with the IRS that the debtors would not be entitled to punitive damages but agreed to review whether 26 U.S.C. § 7430 prohibits the debtor, Samuel C. Covington, from recovering damages for

his lost time in representing himself before this Court.

This Court believes that 26 U.S.C. § 7430 governs any award of attorneys' fees. *In re Matthews,* 184 B.R. at 601. This Court is also of the belief that *United States v. McPherson,* 840 F.2d 244 (4th Cir.1988), which provides that a pro se litigant cannot be compensated for his or her time in representing him or herself under § 7430, also applies. However, this Court does believe that the debtors are entitled to their actual damages under § 362(h) and for limited costs.

The debtors did not present any evidence as to any lost wages during the period in question. The debtors, however, did present evidence as to emotional distress caused by the receipt of the "Notices of Intent to Levy." Several courts have held that emotional distress is an "actual damage" under § 362(h). *Fleet Mortgage Group, Inc. v. Kaneb,* 196 F.3d 265 (1st Cir.1999); *In re Holden,* 226 B.R. 809 (Bankr.D.Vt.1998); *In re Davis,* 201 B.R. at 837; *Matter of Flynn,* 169 B.R. 1007 (Bankr.S.D.Ga.1994).

The courts are split on the issue of whether medical testimony is needed to prove emotional distress or harm. *See Matter of Flynn,* 169 B.R. at 1021–1022. There was no medical testimony given by a witness in this case other than the debtor who is a medical doctor. This court finds that under the circumstances the debtors proved emotional distress without the need for medical testimony.

The testimony reveals that the debtors previously had their bank account levied on by the South Carolina Department of Revenue (Department). The Debtors' received notice of the levy by the Department on the day the Department levied on the account. When the Department levied on the account, they recovered approximately $4000. The debtors' were fearful that this would occur in this situation. While all of this occurred before the notices of intent to levy were received by the debtors, this prior collection activity though not by the IRS, is relevant as to the debtor's state of mind during the period the defendants violated the stay.

Both debtors appear to be well educated and articulate. Having previously experienced the levy on their bank account by the South Carolina Department of Revenue, the debtors understood the effect of a levy. They testified as to the impact the notice of intent to levy had on them as well as their children and this impact appears to have been profound.

Courts have recognized that while damages for mental anguish can be difficult to prove, "the natural and powerful emotional reaction cannot be dismissed as 'fleeting' or 'inconsequential.'" *In re Holden,* 226 B.R. at 811 (quoting *In re Flynn,* 169 B.R. at 1023). This Court believes that the debtors did suffer emotional injury as a result of receiving the "Notice of Intent to Levy." This Court believes that peace of mind is invaluable and will award $1000.00 to compensate the debtors for the trauma they endured during the period of time the IRS violated the stay. **IT IS THEREFORE**

**ORDERED** that the plaintiffs are entitled to actual damages from the United States of America due to the actions of the Internal Revenue Service for a willful violation of 11 U.S.C. § 362 in the amount of $1000.00

**IT IS FURTHER ORDERED** that the Plaintiffs are entitled to costs for of the filing fee in the amount of $75.00.