## In re DYNAMIC TOURS & TRANSPORTATION, INC., Debtor.

### No. 6:04–bk–02009–ABB.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Dec. 19, 2006.

---

Kevin E. Mangum, Mangum & Associates PA, Casselberry, FL, for Debtor.

---

### ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Motion for Sanctions Against General Electric Capital Corporation for Violating § 1141, the Permanent Injunction Under § 524 and Injunctions in the Debtor's Confirmed Plan of Reorganization ("Motion")[1] filed by Dynamic Tours & Transportation, Inc., the reorganized Debtor herein ("Debtor") against General Electric Capital Corporation herein ("GE"). A hearing was held on November 13, 2006 at which the Debtor, counsel for the Debtor, a representative for GE, and counsel for GE appeared. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

### FINDINGS OF FACT

An Order was entered on September 8, 2006 ("Order")[2] finding GE violated the discharge injunction by instituting a case against the Debtor in the United States District Court for the Middle District of Florida, Orlando Division, captioned *General Electric Capital Corporation v. Dynamic Tours and Transportation, Inc.*, Case No. 6:05–CV01515–JA–KRS ("District Court Action"), and the Debtor was granted leave to file motions in the bankruptcy case to address procedural issues. The Court adopts and incorporates herein the Findings of Fact and Conclusions of Law contained in the Order. The only issue remaining for determination is whether GE's actions warrant the imposition of sanctions.

The Debtor's Chapter 11 Plan of Reorganization as Modified ("Plan")[3] was confirmed on February 2, 2005 ("Confirmation Order").[4] Confirmation of the Debtor's Plan discharged the Debtor from any debt that arose before the date of confirmation and any debt arising from the rejection of an executory contract or unexpired lease of the Debtor.[5] Confirmation of the Plan gave rise to a discharge injunction protecting the Debtor from any act to collect a discharged debt.

GE filed three proofs of claim (Claim Nos. 13, 29, and 30) in the Debtor's case and Claim No. 30 was determined to be GE's final proof of claim pursuant to the Confirmation Order. All debts forming the basis of Claim No. 30 were discharged. The Final Decree was entered on August 31, 2005,[6] and the case was closed on September 16, 2005. GE filed a complaint in the United States District Court on Octo-

---

1. Doc. No. 216.

2. Doc. No. 233.

3. Doc. No. 157.

4. Doc. No. 184.

5. Doc. No. 184.

6. Doc. No. 196.

ber 11, 2005 seeking judgment of $858,303.28 against the Debtor. The amount sought is the amount contained in Claim No. 30 for alleged damages to the returned vehicles.[7]

The case was reopened on January 20, 2006 to determine whether GE violated the discharge injunction.[8] GE, post-reopening, filed a fourth claim, its Third and Final Amended Proof of Claim (Claim No. 31) on January 27, 2006. GE removed the amount of $858,303.28 from Claim No. 31 asserting:

This *Third and Final Amended Proof of Claim* has been amended to subtract the amount of $858,303.28, the estimated cost to repair the damage to the returned equipment, which had been included in the *Second Amended Proof of Claim* filed on or about September 12, 2005 to provide Debtor with notice of this additional post-petition claim. GE Capital's inclusion of this post-petition (and potentially postconfirmation) claim amount in the *Second Amended Proof of Claim* was **not** intended to be in its pre-petition, unsecured claim amount.

Claim No. 31 at p. 2 of Rider. The Debtor subsequently filed its Motion seeking sanctions.

Paul S. Cummings ("Cummings") is GE's litigation manager in its collection department and has been with GE since 2000. Cummings supervises eight employees, and is responsible for four hundred active collection cases. He reports to the global recovery manager and works with GE's in-house and outside counsel. Reed Smith Rambaud Charot, LLP ("Reed Smith"), GE's outside counsel, handles fifty-percent (50%) of GE's collection matters.

Cummings is not an attorney and has no formal training in bankruptcy matters. He has learned about bankruptcy issues through his experience as a collection manager. Fifty-percent of his collection portfolio involves bankruptcy related matters. He has never been previously accused of violating a stay or discharge injunction.

Cummings authorized Reed Smith to file the District Court Action. Cummings did not read any pleading docketed in the Debtor's bankruptcy case prior to instituting the District Court Action because he did not have time to review the bankruptcy case. He did not perform any of his own research and gained his knowledge of the Debtor's case through communications with Reed Smith and his litigation analysts. The proofs of claim were prepared, executed, and filed by the litigation analysts working in conjunction with Reed Smith. Cummings did not review GE's proofs of claim, the Plan, the Amended Disclosure Statement, GE's ballot, the Confirmation Order, the Final Decree, the Order, or the Agreed Stipulation.[9] He did

---

7. Claim No. 30: "Rider to Proof of Claim Filed by General Electric Capital Corporation" at p. 2: "Cost to Repair Damage to Leased Equipment—$858,303.28."

8. Doc. No. 199: Emergency Motion to Reopen Case Pursuant to § 350 and F.R.B.P. 5010 for the Limited Purpose to Determine Whether or Not General Electric Capital Corporation Is Violating § 1141 and the Permanent Injunction Under § 524 and Certificate of Necessity for Emergency Hearing.

9. GE and Debtor entered into a Stipulation and Agreed Order for the Rejection of General Electric Capital Corporation's Leases on April 13, 2005 (Doc. No. 190) ("Stipulation"), which the Court approved on April 25, 2005 (Doc. No. 191) ("Stipulation Order"). The Stipulation provides, among other things: (i) the GE leases were rejected by the Debtor; (ii) the Debtor would return the buses to GE within seven days of entry of the Stipulation Order; (iii) the returned buses would be applied to GE's rejection damages claim; (iv) the allowance of an administrative claim in

not confer with his analysts to confirm the existence of the filed proofs of claim and did not know the contents of the proofs of claim until a week before the November 13, 2006 hearing. All information relevant to the Debtor's bankruptcy case was in the possession of Cummings' subordinates, readily accessible for his review. GE had every opportunity to become familiar with the Debtor's case but failed to expend requisite measures.

The Debtor filed an extensive motion to stay the District Court Action. GE subsequently filed a stipulation for stay of the proceedings in December of 2005.[10] GE was found in violation of the discharge injunction by the April 3, 2006 Order.[11] The District Court Action was dismissed in October of 2006[12] upon the parties' Stipulation of Dismissal With Prejudice.[13] The Debtor was required to participate and expend unnecessary time, effort, and resources in the District Court Action. The Debtor was further compelled to incur additional attorney's fees and quarterly U.S. Trustee fees upon the filing of its Motion in an effort to resolve the matter.

GE is a large, sophisticated international corporation with extensive resources and experience to appreciate and comply with bankruptcy law. GE was represented by competent counsel with widespread commercial litigation experience. GE was actively involved during the Debtor's bankruptcy case and should have been fully aware of each claim filed. GE's knowledge of and indifference to the Debtor's bankruptcy discharge constitutes a reckless disregard of the Debtor's protected rights. Cummings did not read any pleadings as the litigation manager and failed to maintain even a general awareness of the case. All necessary materials were readily accessible for his review, but he did not take the time to evaluate the Debtor's case. GE's actions reflect an arrogant defiance of bankruptcy law and were not made in good faith. GE's conduct represents a willful violation of the discharge injunction. The Debtor's Motion is due to be granted.

Sanctions awards are necessary and appropriate to enforce the orders of this Court, the provisions of the Bankruptcy Code, and to prevent further abuse of the judicial process by GE. The principal of the Debtor is entitled to compensation of $10,000.00 for expending time and resources on unnecessary litigation, for the loss of income and business opportunity, and for the efforts and frustration of defending GE's action.

The Debtor incurred additional attorney's fees in the amount of $35,043.17[14]

---

favor of GE in the amount of $375,313.34; and (v) GE, within twenty days of the Stipulation and Agreed Order, shall provide the Debtor with a reasonable estimate of its unsecured claim, and shall provide a final amended claim within 150 days after entry of the Final Decree. Stipulation at pp. 5–6.

10. Doc. Nos. 8 and 15 of District Court Action, Case No. 6:05–CV–01515–JA–KRS.

11. Doc. No. 221: "As to Motion for Sanctions, Court finds a violation of discharge and defers assessment of damages."

12. Doc. No. 24 of District Court Action.

13. Doc. No. 23 of District Court Action.

14. Doc. No. 246: Mangum & Associates, P.A. summary of fees and costs at $310.00/hour for attorney, $300.00/hour for associate (blended rate of $307.95) and $85.00/hour for paralegal work. District Court fees and costs: 9.7 hours at $310.00 totalling $3,007.00; 2.5 hours at $300.00 totalling $750.00; grand total $3,757.00. Bankruptcy re-opening fees and costs: 96.8 hours at $310.00; 36.6 hours at 85.00; postage equaling $21.67; facsimile equaling $57.75 at $0.25 per page (231); copies equaling $376.75 at $0.25 per page (1507); $1,000.00 in filing fees and $468.00 in court reporter fees for deposition. All sums total $35,043.17.

and quarterly U.S. Trustee fees in the amount of $20,000.00 [15] upon the reopening of its bankruptcy case to prosecute his Motion. The attorney's fees and expenses are reasonable pursuant to the required analysis.

An award of punitive damages is appropriate to deter further offensive conduct by GE. GE's indifference to the Debtor's discharge warrants an imposition of $50,000.00 in punitive damages. The Debtor may be entitled to recover additional fees and expenses incurred until the final resolution of this matter.

A judgment for sanctions of $115,043.17, including $65,043.17 in actual damages and $50,000.00 in punitive damages, shall be entered in favor of the Debtor and against GE.

### CONCLUSIONS OF LAW

The issue for determination is whether GE's conduct warrants and imposition of sanctions, and, if so, whether punitive damages are appropriate.

■ A court may take judicial notice of the public record in other judicial proceedings in order to recognize judicial acts taken, the subject matter of the litigation, the issues decided, and to clarify the meaning of court orders. *Martin K. Eby Constr. Co., Inc. v. Jacobs Civil, Inc.*, Case No. 3:05–cv–394–J32TEM, 2006 WL 1881359 at *1 (M.D.Fla. July 6, 2006). Judicial notice is taken of the District Court Action, its docket, and its filings pursuant to Federal Rule of Evidence 201(c).

■ Confirmation of the Debtor's Plan discharged the Debtor from any debt that arose before the date of confirmation and any debt arising from the rejection of an executory contract or unexpired lease of the Debtor. 11 U.S.C. §§ 1141(d),

502(g) (2005). Confirmation of the Plan gave rise to a discharge injunction protecting the Debtor from any act to collect a discharged debt. 11 U.S.C. § 524(a); Plan at Article IX, ¶ A. The provisions of the confirmed Plan bind the Debtor and all creditors. 11 U.S.C. § 1141(a). The Bankruptcy Code discharge injunction and the injunction contained in the Debtor's Order of Confirmation of Plan prevent GE from taking any action to attempt to collect any discharged debts. "[I]t protects the debtor from a subsequent suit in a state court, or any other act to collect, by a creditor whose claim had been discharged in the title 11 case." 4 COLLIER ON BANKRUPTCY ¶ 524.02, at 524–14.7 (15th ed. rev. 2005). Section 524 "thus embodies the 'fresh start' concept of the bankruptcy code." *Hardy By and Through Internal Revenue Serv. v. United States (In re Hardy)*, 97 F.3d 1384, 1388–89 (11th Cir. 1996). GE violated the discharge injunction of §§ 1141 and 524 by instituting the District Court Action.

■ A bankruptcy court may invoke its statutory contempt powers of § 105(a) to enforce a discharge injunction. *In re Hardy*, 97 F.3d at 1389; *In re Riser*, 298 B.R. 469, 472 (Bankr.M.D.Fla.2003); *see also In re Manzanares*, 345 B.R. 773, 790 (Bankr.S.D.Fla.2006). Section 362(h) provides for recovery of actual damages, attorney's fees, costs, and punitive damages, where appropriate, for a willful violation of the automatic stay. 11 U.S.C. § 362(h). The § 362(h) test "... is likewise applicable to determining willfulness for violations of the discharge injunction of Section 524." *Hardy*, 97 F.3d at 1390. A creditor may be held liable for contempt pursuant to § 105(a) for willfully violating the permanent injunction of § 524. *In re Jove Eng'g*

15. Plaintiff's Exh. No. 14.

*v. Internal Revenue Service,* 92 F.3d 1539, 1553–54 (11th Cir.1996).

 The Eleventh Circuit Court of Appeals has held conduct is willful if the creditor: "1) knew that the discharge injunction was invoked and 2) intended the actions which violated the discharge injunction." *Hardy,* 97 F.3d at 1390; *Jove,* 92 F.3d at 1555. "... [W]illfulness generally connotes intentional action taken with at least callous indifference for the consequences." *Jove,* 92 F.3d at 1555 (*quoting Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc.,* 793 F.2d 1529, 1535 (11th Cir.1986)). The willfulness requirement refers to the deliberateness of the creditor's conduct and its knowledge of the bankruptcy filing. *Davis v. United States (In re Davis),* 201 B.R. 835, 837 (Bankr.S.D.Ala.1996).

 The subjective beliefs or intent of the creditor are irrelevant. *Hardy,* 97 F.3d at 1390; *Jove,* 92 F.3d at 1555; *In re Manzanares,* 345 B.R. at 791. Receipt of notice of a debtor's discharge is sufficient to establish the knowledge element of the Eleventh Circuit Court of Appeal's two-part test. *Hardy,* 97 F.3d at 1390; *Jove,* 92 F.3d at 1555–56. The existence of willfulness is not required for a civil contempt determination relating to noncompliance with a court order:

> The absence of willfulness does not relieve from civil contempt. Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act.

*McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949). An award of sanctions is appropriate as GE's actions constitute a willful violation of the bankruptcy discharge injunction. GE was aware of the Debtor's bankruptcy discharge and deliberately filed the District Court Action in violation of the Debtor's discharge injunction.

 Section 524 does not specifically authorize monetary relief as does § 362(h). "[T]he modern trend is for courts to award actual damages for violation of Section 524 based on the inherent contempt power of the court." *Hardy,* 97 F.3d at 1389; *see also Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45, 50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (recognizing the existence and potency of the courts' inherent powers to sanction conduct which abuses the judicial process). Courts have statutory contempt powers deriving from § 105 of the Bankruptcy Code. *Hardy,* 97 F.3d at 1389; *Jove,* 92 F.3d at 1543 (explaining § 105(a) is distinct from the court's inherent powers). Section 105(a) of the Bankruptcy Code authorizes a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The inclusion of the word "any" in § 105(a) "... encompasses any type of order, whether injunctive, compensative, or punitive, as long as it is 'necessary or appropriate to carry out the provisions of' the Bankruptcy Code." *Jove,* 92 F.3d at 1554.

 Punitive damages may be recovered when the creditor acts with actual knowledge of the violation or with reckless disregard of the protected right. *In re Wagner,* 74 B.R. 898, 904 (Bankr.E.D.Pa. 1987). Several courts have adopted the *Wagner* standard. *See, e.g., Flynn v. Internal Revenue Serv. (In re Matter of Flynn)* 169 B.R. 1007, 1024 (Bankr.S.D.Ga. 1994) (*citing In re Gault,* 136 B.R. 736, 739 (Bankr.E.D.Tenn.1991)); *In re Solis,* 137 B.R. 121, 133 (Bankr.S.D.N.Y.1992); *In re Lile,* 103 B.R. 830, 841 (Bankr.S.D.Tex.

344

1989); *In re Falls Building, Ltd.*, 94 B.R. 471, 482 (Bankr.E.D.Tenn.1988). Some cases have imposed punitive damages where maliciousness or bad faith exists. *In re Chateaugay Corp.*, 920 F.2d 183, 186 (2nd Cir.1990) (*citing In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1105 (2nd Cir.1990)).

Another standard compels imposition of punitive damages "where an arrogant defiance of federal law is demonstrated, punitive damages are appropriate." *Matter of Mullarkey*, 81 B.R. 280, 284 (Bankr.D.N.J. 1987); (*quoting Tel–A–Communications Consultants, Inc. v. Auto–Use*, 50 B.R. 250, 255 (Bankr.D.Conn.1985)).

■■■ An award of punitive damages should be measured by the severity of the offense and set at a level adequate to insure it will punish and deter. *Flynn*, 169 B.R. at 1024. Punitive damages are warranted against GE regardless of which standard is applied. GE is an international corporation with vast resources capable of employing competent staff to understand and abide by bankruptcy law.

GE knew of the Debtor's bankruptcy filing and intentionally authorized the District Court Action, constituting a willful violation of the discharge injunction. GE did not read any pleading or confirm the status of its filed proofs of claim before instituting the District Court Action. All information relevant to the Debtor's bankruptcy case was in the possession of Cummings' subordinates, readily accessible for his review. He inexplicably had no time for consideration of these vital materials. GE's indifference and failure to take even the most rudimentary steps to understand the Debtor's case and the actions taken by its employees constitutes a reckless disregard for the rights of the Debtor and an arrogant defiance of bankruptcy law. GE's actions circumvent the primary function of the bankruptcy system. It is a sophisticated international corporation with a sizeable amount of experience concerning bankruptcy law and procedure. The purported lack of knowledge and awareness of the Debtor's case is inconceivable and reprehensible. GE's actions relating to the District Court Action were not in good faith. The Debtor's Motion is due to be granted.

■■■ The principal of the Debtor is entitled to compensation of $10,000.00 for expending time and resources on unnecessary litigation, for the loss of income and business opportunity, and for the efforts and frustration of defending GE's action. The Debtor fully cooperated with the requirements of his bankruptcy case, and GE's actions hindered the Debtor's ability to comply with its confirmed Plan while depleting its resources. The Debtor was compelled to participate in the District Court Action.

■■■ The Debtor was further required to incur additional attorney's fees and quarterly U.S. Trustee fees upon the reopening of its bankruptcy case and prosecution of its Motion. The Debtor has incurred and paid $20,000.00 in quarterly U.S. Trustee fees and $35,043.17 in additional attorney's fees. All relevant factors were considered in making the fee award determination. Section 330 of the Bankruptcy Code allows a court, after notice and a hearing, to award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person." 11 U.S.C. § 330(a)(1) (2005). The reasonableness of attorney fees and costs is determined through an examination of the twelve criteria enunciated in *In the Matter of First Colonial Corp. of Am.*, 544 F.2d 1291, 1299 (5th Cir.1977) and *Johnson v. Georgia High-*

*way Express, Inc.,* 488 F.2d 714, 717–20 (5th Cir.1974).[16] The attorney's fees are reasonable. An award of compensation in the amount sought is appropriate pursuant to 11 U.S.C. § 330(a)(3) taking into account all of the *Johnson* factors and the entirety of this case.

The Debtor is entitled to recover $65,043.17. The award of monetary damages to the Debtor is made pursuant to the Court's inherent contempt power and its statutory contempt power of 11 U.S.C. § 105(a) to enforce the Debtor's discharge injunction pursuant to § 524, the Court's necessary and appropriate orders, the provisions of the Bankruptcy Code, and to prevent and deter the further abuse of the judicial process by GE.

An award of punitive damages is appropriate to deter further offensive conduct by GE. GE's indifference to the Debtor's discharge warrants an imposition of $50,000.00 in punitive damages. The Debtor is entitled to recover a total of $115,043.17. The Debtor may be entitled to recover any additional fees and expenses incurred until the final resolution of this matter.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Debtor's Motion for Sanctions is hereby **GRANTED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the Debtor is hereby awarded monetary sanctions in the amount of $65,043.17 against General Electric Capital Corporation; and it is further

**ORDERED, ADJUDGED and DECREED** that the Debtor is hereby awarded punitive damages in the amount of $50,000.00 against General Electric Capital Corporation.

A separate judgment in favor of the Debtor and against General Electric Capital Corporation in the total amount of $115,043.17 consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

### *JUDGMENT*

This matter came before the Court on the Motion for Sanctions Against General Electric Capital Corporation for Violating § 1141, the Permanent Injunction Under § 524 and Injunctions in the Debtor's Confirmed Plan of Reorganization filed by Dynamic Tours & Transportation, Inc. against General Electric Capital Corporation herein. After reviewing the pleadings and evidence, receiving testimony and exhibits, and in conformity with and pursuant to the **Order** entered contemporaneously herewith, it is

**ORDERED, ADJUDGED and DECREED** that **JUDGMENT** is hereby entered in favor of Dynamic Tours & Transportation, Inc. in the total amount of $115,043.17 against General Electric Capital Corp.; and it is further

**ORDERED, ADJUDGED and DECREED** that for the foregoing sum let execution issue.

---

**16.** (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases.